UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as subrogee of the City of Muncie, Indiana,<br>    *Plaintiff*,<br><br>    vs.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC and WESTERN STAR TRUCKS, INC.,<br>    *Defendants*. | 1:17-cv-00585-JMS-TAB |

## **ORDER**

On February 23, 2017, Defendants Daimler Trucks North America, LLC ("Daimler") and Western Star Trucks, Inc. ("Western") removed this case to this Court on the basis of diversity jurisdiction. [Filing No. 1.] The following day, the Court ordered Defendants to file an Amended Notice of Removal to address several issues, [Filing No. 7], and Defendants did so on March 6, 2017, [Filing No. 10]. Federal then filed an Amended Complaint on April 3, 2017, [Filing No. 19], and Defendants filed their Answer on April 6, 2017, [Filing No. 21]. In their Amended Complaint, Federal does not set forth adequate jurisdictional allegations and, further, Defendants deny some of those jurisdictional allegations. This leaves the Court unable to determine whether the facts upon which diversity jurisdiction is based are disputed. Specifically:

- Federal alleges that it is "an insurance company duly organized under the laws of the State of Indiana," with its principal place of business in Indiana. [Filing No. 19 at 1.] Defendants state in their Answer that they "lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore deny them." [Filing No. 21 at 1.] Accordingly, the Court cannot determine whether the parties dispute Federal's citizenship.

- Federal alleges that Daimler is "a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located…[in] Oregon…." [Filing No. 19 at 1-2.] Daimler's full name is set forth as Daimler Trucks North America, LLC, and "LLC" denotes a limited liability

company, not a corporation. The parties must confer regarding whether Daimler is a corporation or a limited liability company. If Daimler is a limited liability company, the parties must provide "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

- In its Amended Complaint, Federal does not properly allege the amount in controversy. The amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The "exclusive of interest and costs" language must be included in the amount in controversy allegation.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a joint jurisdictional statement by **April 21, 2017** properly setting forth each party's citizenship[1] and

---

[1] The parties must also address the citizenship of the City of Muncie, since Federal alleges it is a partial subrogee of that entity.

whether the amount in controversy exceeds $75,000, exclusive of interest and costs. In the joint jurisdictional statement, the parties must also address whether Federal is a mutual insurance company and, if so, properly set forth its citizenship keeping in mind that the citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota law rendered Minnesota mutual insurance company a corporation).

If agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date. The filing of the joint jurisdictional statement satisfies Federal's obligations under Local Rule 81-1.

Date: April 11, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**