UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as subrogee of the City of Muncie, Indiana,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC and WESTERN STAR TRUCKS, INC.,<br>    *Defendants.* | 1:17-cv-00585-JMS-TAB |

## **ORDER**

On April 11, 2017, the Court ordered the parties in this matter to file a Joint Jurisdictional Statement that, among other things, properly set forth the amount in controversy and whether or not Plaintiff Federal Insurance Company ("Federal") is a mutual insurance company. [Filing No. 22.] The parties filed a Joint Jurisdictional Statement on April 20, 2017, which does not comport with those parts of the Court's April 11, 2017 Order. [Filing No. 25.]

Specifically, the Court noted in the April 11, 2017 Order that the amount in controversy must exceed "75,000, exclusive of interest and costs," and that the "exclusive of interest and costs" language must be included in the amount in controversy allegation. [Filing No. 22 at 2.] The Joint Jurisdictional Statement does not include the "exclusive of interest and costs" language, despite the Court's clear instruction regarding the necessity of that language.

Additionally, the Court instructed the parties in the April 11, 2017 Order to "address whether Federal is a mutual insurance company and, if so, properly set forth its citizenship keeping in mind that the citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law." [Filing No. 22 at 3.] In the Joint Jurisdictional Statement, the parties state simply that Federal is "an insurance company organized in the State of Indiana

with its principal place of business in Indiana," [Filing No. 25 at 2], but do not address whether it is a mutual insurance company.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

In order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a Supplemental Joint Jurisdictional Statement by **May 3, 2017** properly setting forth whether the amount in controversy exceeds $75,000, exclusive of interest and costs, and whether Federal is a mutual insurance company and, if so, its citizenship (keeping in mind that the citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law). *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota law rendered Minnesota mutual insurance company a corporation).

If agreement cannot be reached on the contents of a Supplemental Joint Jurisdictional Statement, competing statements addressing the issues discussed in this Order must be filed by that

date. The filing of the Supplemental Joint Jurisdictional Statement satisfies Federal's obligations under Local Rule 81-1.

The Court cautions the parties to review Court orders carefully, and to ensure that they are providing the information required. The Court also reminds the parties that future statements in filings that contradict the parties' representations in the Joint Jurisdictional Statement or Supplemental Joint Jurisdictional Statement will prompt the Court to require further action to correct, clarify, or explain those inconsistencies. Accordingly, such statements should not be made without thorough investigation.

Date: April 25, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**